UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVA ELECTRIS CANNIE,

    Plaintiff,

vs.

    Case No. 3:17-cv-1082-J-34JBT

JOHN E. GOODE PRETRIAL DETENTION
FACILITY OF JACKSONVILLE SHERIFF'S
OFFICE,

    Defendant.

_____

# **O R D E R**

Plaintiff Eva Electris Cannie, a pretrial detainee at the John E. Goode Pre-Trial Detention Center in Jacksonville, Florida, initiated this action on September 26, 2017, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Cannie has moved to proceed in forma pauperis (Doc. 5). In her Complaint, Cannie names one Defendant: the John E. Goode Pre-Trial Detention Facility of the Jacksonville Sheriff's Office (Detention Center). Cannie asserts claims for mail tampering (access to courts), interference with her due process rights, and interference with "basic rights." Complaint at 5. At the outset, the Court notes that some of Cannie's allegations are difficult to decipher. Her Complaint reads like a list of grievances she has against the Detention

Center employees relating to her phone privileges, mail service, her inmate account, legal proceedings (both personal and criminal), and failure to protect her.[1] Id. at 5-7.

Cannie alleges that a particular Detention Center employee knows that the jail has misspelled her name, resulting in the employees returning her mail, including legal mail, back to the sender. Id. at 5. As a result, Cannie asserts, she missed a deadline in a bankruptcy case, resulting in dismissal. Id. The misspelling of her name also allegedly resulted in the Detention Center not updating her inmate profile to reflect the posting of bonds in two criminal cases pending against her. Id. While she attributes to the Detention Center a failure to update her inmate profile regarding the posting of bonds, Cannie also asserts that the bond company took her money and "did not bond [her] out."[2] Id. In addition, Cannie states that the Detention Center has infringed her due process rights by revoking her phone privileges; she asserts she is unable to call her lawyer, the bond company, her business manager, and others.[3] Id. at 6. Cannie states that she also has been unable to manage legal proceedings associated with her business. With respect to the Detention Center's failure to protect her, Cannie asserts that another inmate stole her

---

[1] Cannie has also filed a "Notice" to amend her complaint, in which she asserts the Detention Center discriminates against female inmates with respect to the use of the law library. This Notice is not a proper motion, nor is it a proper amended complaint. Thus, this Notice is due to be stricken from the Court's docket.

[2] In a document Cannie filed on March 19, 2018, she provides a bit more detail with regard to the bond issue. She asserts the Detention Center interfered with her bonds and permitted the bond company to "surrender paid-for bonds." See Supplement to Existing Lawsuit (Doc. 11; Supplement) at 4. She claims that the Detention Center "did not reprimand the Bond Company either for taking money under false pretense," claiming that the bond company filed a false police report against her, resulting in her arrest and the surrender of her bonds. Id.

[3] Cannie says she is unable to contact anyone to inquire about the state of her home following the hurricane. Complaint at 6. In the Supplement, Cannie clarifies that the Detention Center permits inmates to use the phone but requires most calls to be billed to the caller as collect calls. See Supplement at 3. Cannie indicates that the Detention Center rule interferes with her ability to call the court, process servers, court reporters, witnesses, and private attorneys. Id. She apparently has numerous personal lawsuits pending, and is encountering difficulties managing the litigation while incarcerated. See id.

docket, pin, and telephone numbers. Id. at 7. The inmate used that information against Cannie to call her "people," threatening to kill them and Cannie. Finally, Cannie alleges that a corrections officer "robbed" her by failing to bring checks to Cannie for her signature and instead writing the check out to herself. Id. at 6. Cannie seeks damages and declaratory relief. Id. at 7. Cannie concludes her request for relief with the following statement: "This suit is filed to protect me and my constitutional rights but also to improve the due process, access to the courts, pretrial release, [and] basic rights for all the future inmates of this jail." Id.

Pursuant to this Court's screening obligation under the Prison Litigation Reform Act, a district court shall dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)). In assessing whether a complaint "fails to state a claim on which relief may be granted" under § 1915A(b)(1), courts apply the same standard applied when ruling on motions to dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Cannie's Complaint is subject to dismissal under the Court's screening obligations. Cannie identifies in her Complaint individual corrections officers and employees of the Detention Center. However, she names only the Detention Center as a Defendant. Thus, her Complaint is due to be dismissed on this basis alone. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes); accord Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Because the Detention Center is not a legal entity amenable to suit, Cannie fails to state a § 1983 claim upon which relief may be granted.

Not only has Cannie named an entity not subject to suit, she has substantively failed to state a claim under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff

must allege that (1) the defendant deprived her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action. While Cannie provides a laundry-list of grievances against the Detention Center, her main contentions appear to be a denial of access to courts and due process violations.

To state an access-to-courts claim, a plaintiff must first establish an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded . . . ." Barbour, 471 F.3d at 1225 (citations omitted). The plaintiff must show that an underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on her conviction, or a civil rights action. Lewis, 518 U.S. at 354-57; Cranford v. Nevada Dep't of Corr., 398 F. App'x 540, 546-47 (11th Cir. 2010). Cannie has not alleged interference with court proceedings related to her underlying conviction (either in a criminal case or as to a habeas petition) or with respect to civil rights litigation complaining of her conditions of confinement. See Complaint at 5-6. Alleging interference with a bankruptcy case or a personal lawsuit is insufficient. Thus, she has not alleged actual injury. With respect to the restriction on the use of the jail phone (a due process claim), Cannie should bear in mind that incarceration naturally results in the limitation or

withdrawal of some privileges enjoyed prior to incarceration. Sandin v. Conner, 515 U.S. 472, 485 (1995). Allegations that a jail imposes limits on telephone use do not rise to the level of a "significant hardship" to support a constitutional violation. See id.

When a court determines that a complaint is subject to dismissal pursuant to its screening function under § 1915A(b), it generally should grant a pro se plaintiff leave to amend "unless a more carefully drafted complaint could not state a claim." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc). While Cannie has not presently stated a cognizable claim under § 1983, the Court is unable to conclude that she could not potentially state a claim. Thus, the Court will grant her one opportunity to file an amended complaint. If Cannie chooses to file an amended complaint, she should keep in mind the following. Under § 1983, Cannie may not assert rights on behalf other inmates or the inmate population generally. In addition, she should limit an amended complaint to one incident or related incidents. Currently, Cannie appears to be raising multiple and potentially unrelated claims. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." If multiple claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. Cannie must also limit her allegations to a properly-completed Civil Rights Complaint Form; she should not file supplements without leave of Court. Future notices or supplements filed without leave of Court will be stricken from the Court's docket.

In light of the foregoing, Cannie's Complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b), without prejudice to Cannie's right to file an amended complaint

6

against a proper defendant and including sufficient factual allegations to support a cognizable claim under § 1983.

Therefore, it is now

**ORDERED:**

1. Cannie's Complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** subject to her right to file an amended complaint.

2. The Clerk shall send Cannie a Civil Rights Complaint Form for her use if she elects to file an amended complaint.

3. If Cannie elects to file an amended complaint, she must do so no later than **May 10, 2018.** Cannie should place this case number on the amended complaint, and she should write "Amended Complaint" on the top of the form. She should also ensure that she signs the amended complaint and follows the instructions included both in this Order and on the Civil Rights Complaint Form. Failure to do so may result in dismissal. If Cannie chooses not to file an amended complaint by **May 10, 2018**, the Court will direct the Clerk to dismiss the case and close the file.

4. Cannie's Motion for Assistance with Service of Summons (Doc. 10) is **DENIED**. If Cannie submits a proper amended complaint that states a cognizable claim, the Court will direct service of process at the appropriate time. When submitting an amended complaint, Cannie should submit a service copy of the complaint for each named defendant.

5. Cannie's Notice to amend the complaint (Doc. 4) is **STRICKEN** from the Court's docket.

6. Cannie's Supplement to Existing Lawsuit (Doc. 11) is **STRICKEN** from the Court's docket.

7. It appears that Cannie has provided copies of documents 10 and 11 not only to the Clerk's office, but also to the chambers of the Honorable Joel B. Toomey, United States Magistrate Judge.[4] The undersigned previously directed Cannie's attention to Local Rules 3.01(f) and 1.05, United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(f) provides that "pleadings and papers . . . shall be filed with the Clerk of the Court and not with the judge." Even though Cannie is appearing pro se, the Court expects that she will comply with this Court's Local Rules and the applicable Federal Rules of Civil Procedure.[5] Persistent failure to adhere to the applicable Court and procedural rules may result in the imposition of sanctions, including dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
Eva Electris Cannie, #2015029685

---

[4] Cannie's Motion for Assistance with Service of Summons (Doc. 10), as filed in the Court's CM/ECF docketing system, bears the notation "Judge Howard" in the upper left corner. The copy mailed to Judge Toomey's chambers, which is otherwise identical, bears the notation "Judge Toomey."

[5] Pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.