```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

EVA ELECTRIS CANNIE,

      Plaintiff,

                                      Case No. 3:17-cv-1082-J-34JBT

vs.

CHIEF CARTER et al.,

      Defendant.

_____

## ORDER

Plaintiff Eva Electris Cannie, a pretrial detainee at the John E. Goode Pre-Trial Detention Center (Detention Center) in Jacksonville, Florida, initiated this action on September 26, 2017, by filing a pro se Civil Rights Complaint (Doc. 1; Original Complaint) under 42 U.S.C. § 1983. In her Original Complaint, Cannie named as the only Defendant the Detention Center. On April 9, 2018, this Court dismissed Cannie's Original Complaint without prejudice (Doc. 12; April Order) because she named as a Defendant an entity not amenable to suit and she otherwise failed to state a claim for relief under § 1983. See April Order at 5-6. The Court granted Cannie leave to file an amended complaint, directing her not to assert multiple, unrelated claims in one complaint, to include all relevant allegations supporting her claims in the

complaint, and not to file supplements without leave of Court. Id. at 6.

On May 11, 2018, Cannie filed an Amended Complaint (Doc. 15; Amended Complaint), asserting similar alleged violations as those raised in her Original Complaint, but naming individual corrections employees as Defendants. In her Amended Complaint, Cannie names twelve Defendants for seemingly unrelated alleged violations occurring between August 2016 and January 2018:

(1) Chief Carter, for instituting a phone policy that prevents her from "managing [her] affairs" and hiring an attorney in her criminal case; failing to correct the spelling of her name resulting in some of her mail being returned; and failing to reimburse her for the money a jail employee (one of the named Defendants) allegedly stole from her;

(2) Sgt. Clark-Washington, for returning her mail because the jail has her first name incorrectly spelled as "Eva" instead of "Ava," resulting in a missed deadline in a bankruptcy proceeding and impacting her otherwise financially; and tampering with mail and "hold[ing] legal files hostage";

(3) Officer Jackson, for tampering with mail and property;

(4) Sgt. Johnson, for tormenting, harassing, and lying about her; failing to put enough paper in the printer; and withholding legal property;

(5) Sgt. Pikes, for revoking phone privileges and preventing her from contacting her bond company;

(6) Sgt. Benoit, for interfering with phone privileges;

(7) Sgt. Henry (law library staff), for failing to give her updates about her cases;

(8) Officer Barahona, for failing to respond to her requests for copies and notarization of court documents, resulting in her missing court deadlines;[1]

(9) Sgt. Johnson #2, for refusing to permit her to attend a telephonic hearing in a civil case, which was then dismissed;

(10) Chief Devlin, for refusing to permit her to call her bank and to appear telephonically for a hearing in a civil case;

(11) Officer Lisa Davis, for stealing $2,000 from her checking account; and

(12) Chief Calloway, for failing to "reprimand" the bond company, which Cannie maintains "schemed" to ger her arrested.[2]

---

[1] Cannie does not clearly state what court deadlines Defendant Barahona caused her to miss. She says that one of her appeals was dismissed in case 5D18-0266, she was "very late," and a motion for rehearing was denied in "VOP cases 1D16-4417, 1D16-4418 and 1D16-4419." See Amended Complaint at 19-20. Elsewhere in her Amended Complaint, when addressing her claims against Defendant Benoit, Cannie asserts that she "should have gotten probation re-instated in Aug[ust] 2016 instead of revoked." Id. at 28. Cannie provides no other explanation or detail about the missed deadlines.

[2] Cannie also asserts that Chief Calloway is somehow responsible for her losing a piece of jewelry worth $50,000, though her assertions with respect to this incident are unclear.

Aside from naming as Defendants individual Detention Center employees[3] (instead of the Detention Center), Cannie has failed to cure the deficiencies that resulted in the dismissal of her Original Complaint. For example, she has again submitted supplements to her Amended Complaint (Docs. 16, 17), despite this Court's admonition not to do so.[4] See April Order at 6. Cannie also continues to assert multiple, unrelated claims. While she provides a laundry-list of grievances about her conditions of confinement, the crux of her claim appears to be about the phone policy, which she finds unfairly limiting. She says that Chief "Carter needs to allow me (and other inmates) my own phone account, like other jails do,[5] where you can call who you need, so that you have effective

---

[3] Cannie seeks compensatory and/or punitive damages from the individual Defendants. She names all Defendants in their official capacities with the exception of Defendants Davis, Jackson, and Johnson #1.

[4] In her first supplement (Doc. 16; Supplement 1), filed on May 31, 2018, Cannie seeks to add a claim against Sgt. Williams for violating jail policy and making a "fraudulent deposit" in her jail account on May 21, 2018. See Supplement 1 at 1-2. In her second supplement (Doc. 17; Supplement 2), filed on August 28, 2018, Cannie also seeks to add claims against one current Defendant and one new Defendant. See Supplement 2 at 1. Cannie asserts that on August 21, 2018, Defendant Henry barred her from the law library where she has files saved on the computer because she has been providing legal drafting assistance to other inmates and posted a sign on her door that reads, "County Jail Law Office." Id. at 2-3. Cannie also seeks to add a claim against Chaplain Bowden for "block[ing] [her] from seeing [her] own private chaplain, who Cannie says has been assisting her by contacting lawyers and tending to other matters on her behalf since she has a limited ability to do so herself. Id. at 5. Even if Cannie had sought and been given leave to file the supplements, they would not operate to add claims or defendants to the Amended Complaint. Cannie is reminded that pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

[5] Cannie asserts that "GTL [phone system company] has a monopoly on the phone system at the Duval Jail, which Chief Carter approved [and] which is a violation

due process in your case." See Amended Complaint at 22. According to Cannie, Chief Carter told her she that was not permitted to make phone calls herself but had to ask an officer to do so for her. Id. at 13. Cannie asserts that she "could not get an officer to make phone calls," which prevented her from hiring a better attorney to represent her in her criminal case. Cannie's court-appointed attorney, she claims, was unprepared for a "VOP hearing," and she was sentenced to three years for a violation of her probation. Id. at 13-14, 22.

To the extent Cannie seeks this Court's intervention with respect to the jail phone policy, she is advised that federal courts may not interfere in matters of jail administration. Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). To the extent Cannie intends to challenge her conviction, the length of her sentence, or the competence of her court-appointed counsel, a civil rights action is not the appropriate avenue for relief.

Even if Cannie's allegations could plausibly state an actional claim under § 1983 against some of the named Defendants,

---

of the Sherman Act (monopoly) and [her] due process." See Amended Complaint at 25.

5

she has ignored this Court's Order cautioning her from asserting multiple, unrelated claims in one complaint. See April Order at 6. Rule 20 of the Federal Rules of Civil Procedure provides that multiple defendants may be joined in one action only if the plaintiff's claims against them arise out of the "same transaction, occurrence, or series of transactions or occurrences." See Fed. R. Civ. P. 20(a)(2)(A).

Moreover, as a pro se pretrial detainee proceeding in forma pauperis, see Order (Doc. 13), Cannie may not attempt to avoid the assessment of the filing fee by raising multiple, unrelated claims in one complaint. Cf. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming dismissal of a multi-plaintiff action because the PLRA "requires that each prisoner proceeding IFP pay the full filing fee"), cert. denied, 534 U.S. 1136 (2002). Under the PLRA, Cannie is required to file separate cases, executing an affidavit of indigency in each case.

Therefore, Cannie's Amended Complaint (Doc. 15), and supplements (Docs. 16, 17) are **STRICKEN**. The Court will provide Cannie one final opportunity to file an amended complaint that complies with this Order and the Court's April Order. Cannie is directed to file a second amended complaint by **October 5, 2018**. This case number should be affixed to the civil rights complaint form, and the words "Second Amended Complaint" should be written at the top of the form. If Cannie chooses to file a second amended

complaint, she must pursue one basic issue or incident, and focus her complaint on that incident and constitutional claims arising therefrom. All relevant allegations should be included in the civil rights complaint form, and all averments of the claim must be made in numbered paragraphs. Cannie is reminded that, if she chooses to file multiple, plausible claims under § 1983, she must file a separate civil rights complaint form for each unrelated claim. Cannie's failure to timely file a second amended complaint and provide one copy of the second amended complaint for each named defendant may result in the dismissal of the case without further notice.

The **Clerk** shall send Cannie a civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:   Eva Electris Cannie